WARD, Judge.
The Louisiana Fireman’s Supplemental Pay Board appeals the trial court’s judgment in favor of plaintiff Harold E. Funck ordering the Board to make supplemental salary payments to him. The Board contends its decision denying supplemental pay is final and not subject to judicial review, and that if judicial review is available to the plaintiff, the trial court erred when it found plaintiff was entitled to supplemental pay.
As to appellant’s first contention, the trial court is correct, plaintiff is entitled to judicial review. LSA-R.S. 49:964, the Administrative Procedure Act, provides for judicial review of a state administrative board decision to determine if the Board’s decision is “manifestly erroneous in view of the reliable, probative and substantive evidence on the whole record.” The Louisiana Fireman’s Supplemental Pay Board is a state board whose decisions are subject to judicial review.
The Board also contends the trial court erred when it ordered supplemental salary paid to Funck, claiming Funck is excluded by statute, since he is employed in a clerical capacity. LSA-R.S. 33:2002.
Funck had been employed by the New Orleans Fire Department for many years as Deputy Chief of Administration. In that capacity he received the supplemental pay that he now seeks. He elected to retire to take advantage of a dubious City employment policy which permits some employees to retire and then to be appointed to the same job so that they receive retirement pay in addition to the salary they previously earned. Funck retired September 8, 1979, and was appointed on September 9, 1979, to the same position, that of Deputy Chief of Administration.
After his reappointment, Funck applied to the Board for the supplemental pay. Although he had previously received supplemental pay as Deputy Chief of Administration, the Board refused to give him supplemental pay after his retirement and reappointment, not because he was retired, but because he was a clerical employee excluded from those benefits by statute. LSA-R.S. 33:2002.
The decision of the Board not to base its refusal upon Funck’s retired status was motivated by its prior decisions authorizing supplemental pay to retired firemen.
After the Board’s decision, Funck filed this suit in the district court. The district court held the Board’s decision was manifestly erroneous. Funck was not a clerical employee. He was entitled to supplemental pay benefits.
The trial court’s record indicates, that as a Deputy Chief, it was Funck’s duty to aid *1224 in an administrative capacity, to supervise clerical and other administrative employees, and to assume command of the New Orleans Fire Department whenever the Chief and Assistant Chief were absent. He was third in the chain of command. He performed the exact duties after retirement as before retirement, when he received the supplemental pay. We agree with the trial court. Funck, as a Deputy Chief who was third in the chain of command, was not a clerical employee excluded from eligibility by the statute.
The statute also excludes from eligibility those retired firemen presently receiving pensions. While the Board has consistently interpreted this to mean those receiving pensions at the time the act became law, other provisions indicate retired firemen receiving pensions are not eligible. Paragraphs (1), (2), (3), and (4) provide for payments to a “regularly employed fire department employee.” However, this defense was not presented for the trial court’s consideration.
On the narrow question presented, we affirm the trial court’s decision that Funck was not a clerical employee excluded from eligibility to receive supplemental pay, and that the Board’s decision denying supplemental pay to Funck was manifestly erroneous.